IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMPLE FARMS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-232-D |
| | ) | |
| CONOCOPHILLIPS COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Plaintiffs' Emergency Motion to Extend Temporary Restraining Order [Doc. No. 9], filed March 19, 2015. Plaintiffs ask the Court to continue in effect beyond the 14-day limit of Fed. R. Civ. P. 65(b), a temporary restraining order (TRO) issued in state court before the case was removed to federal court. Without an extension, the TRO would expire by operation of Rule 65(b)(2) on March 20, 2015.

Upon consideration of the Motion, the Court finds an insufficient showing of "good cause" to authorize an extension of the TRO under Rule 65(b)(2). Plaintiffs state that "good cause" in this context "requires a showing that the grounds for granting the TRO continue to exist" (citing *Flying Cross Check, LLC v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001), and they incorporate by reference their Amended Petition, the original motion filed in state court on February 11, 2015, and the supporting affidavit of Jim Sample bearing the same date. *See* Emergency Motion, ¶¶ 10-11.

Upon review of the referenced materials, the Court finds that they contain insufficient facts to show an immediate threat of irreparable injury. Plaintiffs state that Defendants have

given notice they will terminate deliveries of natural gas for agricultural activities unless certain conditions are met, and that Plaintiffs have irrigated crops which will be in production and require water from irrigation wells fueled by natural gas provided by Defendants. *See* Amended Petition [Doc. No. 1-1], ¶¶ 8, 14; Sample Aff. [Doc. No. 1-5], ¶¶ 6, 9. These statements concern future events. In their Emergency Motion, Plaintiffs also make an unsupported allegation that supplying natural gas to irrigation units now will build the water profile in Plaintiffs' fields.[1] This need, and any alleged injury related to it, is insufficiently explained to support a finding of good cause to extend the TRO.

Further, Plaintiffs request an extension continuing "until such time as this Court rules on Plaintiffs' request for a temporary injunction." *See* Motion, ¶ 14. The maximum extension authorized by Rule 65(b)(2) is a second 14-day period, unless Defendant consents to a longer period.[2] To date, Plaintiffs have not filed a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) so it is unlikely that one will be resolved within 14 days.

Finally, Plaintiffs also filed on March 19, 2014, a motion to remand the case to state court based on an alleged lack of subject matter jurisdiction under 28 U.S.C. § 1332, as asserted by Defendant. Plaintiffs contend complete diversity of citizenship does not exist and the amount in controversy requirement is not met. If Plaintiffs are correct, this Court lacks

---

[1] Plaintiffs also note that, if litigation continues, irrigation water will again be needed for growing season. This possibility clearly does not present an immediate danger.

[2] Rule 65(b)(2) limits the duration of a TRO to 14 days unless the court "extends it for a like period or the adverse party consents to a longer extension." Although the Tenth Circuit has not spoken on this issue, "the language of Rule 65(b)(2) and the great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party." *See H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012).

power to grant them injunctive relief. *See Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 376 (10th Cir. 1996). To avoid placing Plaintiffs' case in jurisdictional limbo, the time period for Defendant to respond to the remand motion will be shortened.

IT IS THEREFORE ORDERED that Plaintiffs' Emergency Motion to Extend Temporary Restraining Order [Doc. No. 9] is DENIED.

IT IS FURTHER ORDERED that Defendant shall respond to Plaintiffs' Motion to Remand [Doc. No. 7] within 7 days from the date of this Order.

IT IS SO ORDERED this 25th day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE